[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13031

Non-Argument Calendar

_____

NATHANIEL POOLE, JR.,

Plaintiff-Appellant,

*versus*

BRIAN LEE MASONY,
Facility Corporate Attorney Administrative,

DONALD SAWYER,
Facility Administrator Director,

JACQUES LAMOUR,
Facility Medical Department General Physician,

ANN D. BAKER,
Facility Pharmacy Doctor,

DEBRA JEROME,

Facility Medical Department Registered Nurse, et al.,

                                        Defendants-Appellees.

                    _____

            Appeal from the United States District Court
                 for the Middle District of Florida
             D.C. Docket No. 2:18-cv-00457-JLB-MRM

                    _____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

        Nathaniel Poole, proceeding *pro se*, appeals the district court's order dismissing his third amended complaint under Federal Rule of Civil Procedure 12(b)(6). Specifically, the district court ruled that Poole failed to allege plausible claims under state law and 42 U.S.C. § 1983 against Donald Sawyer, Jacques Lamour, Debra Jerome, Amanda Miller, and Stephanie Delbert—employees of the Florida Civil Commitment Center. The district court also ruled that Poole failed to allege plausible claims under state law and Section 1983 against private physicians Dr. James Bartek and Dr. Stephen Helgemo. Because Poole abandons for all of his claims some issues that are dispositive, we affirm.

        Although this Court construes *pro se* litigants' briefs liberally, appellants abandon issues they fail to brief on appeal, even if

they litigate *pro se. Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant abandons an issue if the appellant fails to prominently raise it in an opening appellate brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-82 (11th Cir. 2014). And this Court does not serve as *de facto* counsel to sustain an action that a *pro se* litigant could not otherwise keep alive. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (reasoning that even though we construe *pro se* plaintiffs' pleadings liberally, we do not substitute ourselves as their counsel).

Here, the district court ruled that Poole failed to plausibly allege that Dr. Bartek and Dr. Helgemo, both private physicians, are state actors subject to liability under Section 1983. Poole does not challenge or discuss this ruling on appeal. And so, Poole waived any challenge to the district court's holdings that he failed to plausibly allege that Dr. Bartek and Dr. Helgemo are proper defendants for purposes of Section 1983.

The district court also ruled that Poole failed to plausibly allege facts to support state law claims against Dr. Bartek, Dr. Helgemo, and the FCCC employees. Poole expressly waives any state law claims in his appellate brief. Thus, Poole abandons any challenge to the district court's dispositive rulings regarding all claims against Dr. Bartek and Dr. Helgemo. And he abandons any state law claims against the FCCC defendants.

Although Poole mentions his Section 1983 claims against the FCCC employees on appeal, Poole also abandons the issue of the

district court's dismissal of those claims because he effectively did not argue it on appeal.

A party abandons an issue on appeal when its brief makes conclusory assertions about an issue but does not make arguments or cite authorities to support those assertions. *Sapuppo*, 739 F.3d at 682.

Poole mentions the issue of whether he alleged plausible claims against the FCCC employees for subjecting him to cruel and unusual punishment by exhibiting a deliberate indifference to his serious medical needs. But Poole makes this argument as a conclusory assertion and does nothing more. He does not explain how the district court erred in reaching the opposite conclusion. He does not explain how the allegations in his complaint plausibly allege a claim. He does not cite any legal authority in his argument section other than Section 1983 and the deliberate indifference standard. In short, Poole does nothing to persuade this Court that the district court incorrectly concluded that he failed to state a plausible claim for relief. Because he does not meaningfully challenge the district court's ruling for the FCCC defendants on his Section 1983 claims against them, Poole abandons this issue, too.

Finally, Poole also asserts for the first time on appeal that the district court violated his due process rights by reaching its decision in haste and by making multiple rulings during the litigation. Poole cites no authority to support his contention that the district court violated his due process rights. Nor does Poole explain what he

means by his assertion that the district court ruled with haste. Contrary to Poole's assertion of haste, the district court dismissed his third amended complaint in a thoughtful 19-page order that so liberally construed Poole's pleadings that it examined Poole's allegations for the violation of a right Poole did not himself invoke. Even more, the multitude of rulings by the district court about which Poole complains are inherent in litigation and cannot support a due process argument absent further explanation and legal support, both of which Poole does not provide. This Court is not Poole's counsel and cannot formulate his arguments for him. And thus, again, Poole abandons this due process issue, like all others, for failing to meaningfully argue it on appeal.

Accordingly, the district court is **AFFIRMED.**